COX vs. WHITE

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

An attachment will lie against the incorporeal rights and credits of a debtor in the hands of garnishees, although it be sued out after transfer of such rights and credits to a third person, when no notice of such transfer had been previously given to the debtor.

The irregularities of such a proceeding by attachment which has progressed to final judgment, cannot be enquired into in a subsequent suit by a new plaintiff, to recover the property attached. The judgment in attachment forms *res judicata* between the parties, and cures all irregularities when not appealed from.

The tradition and not the naked consent of parties, is necessary to transfer the dominion of property. But as an actual delivery of rights and credits or of incorporeal objects, cannot be made, the transfer, to affect third persons, must be made by delivery of the title or evidence of the debt, and notice to the debtor.

It is a principle of the laws of this state, that the property of debtors is always held liable to their creditors until a full and complete transfer and tradition is made to the purchaser.

In October, 1826, the defendant sued out an attachment against the property of Joshua Cox, a nonresident, which was levied on certain incorporeal rights and credits, in the hands of Carleton & Lockett, attorneys of Joshua Cox, by giving them notice of the attachment. They appeared as counsel for the absent debtor, against whom judgment was rendered, and execution levied on the same rights and credits, in April, 1830.

Previous to the attachment, to-wit, in September, 1826, the firm of Banks, Miller & Kincaid, who were the depositaries of these rights, had been directed by Joshua Cox to transfer them to the plaintiff; but no notice of this transfer was given to the debtors of Cox till 1829, nor had the defendant any knowledge of it prior to the service of the attachment.

This suit was brought to recover these claims, as having been transferred to the plaintiff previous to the attachment. The court below gave judgment for the defendant, and the plaintiff appealed.

*Conrad*, for appellant, made the following points:

1st. None of the rights and credits in controversy have ever been legally attached in the suit of White vs. Cox. Service of the writ of attachment on Carleton & Lockett was not sufficient to give any right to said credits.

2d. Even if the rights were legally attached in said suit, the transfer of the same to the plaintiff was complete before said attachment.

*M'Caleb* contra:

1st. The service on Carleton & Lockett was good.

2d. No subsequent act of Joshua Cox, or those indebted to him, could divest the defendant of his lien on these rights and credits.

3d. That the return of the service on Carleton & Lockett shews what these rights and credits were, and that they had given notice to Hunter, one of the debtors of Joshua Cox.

4th. That the levying of the attachment was prior to the notice of the assignment to the plaintiff, the claimant in this case.

5th. That the plaintiff, who claims by assignment, should have proved notice of it to the original debtors, and also to Carleton & Lockett, who had the legal control of the evidences of these claims.

*Mathews, J.* delivered the opinion of the court:

This suit is brought to recover certain rights and credits which were attached by the defendant as the property of one Joshua Cox, and on which attachment a judgment was obtained, and execution subsequently issued and was levied on the attached property. The plaintiff claims these rights and credits by transfer from Banks & Kincaid, made by and with the consent of Joshua Cox, the owner. There was judgment in the District Court for the defendant, from which the plaintiff appealed.

The material facts of the case, as gathered from the testimony and documents, are the following: In the year 1826,

Eastern District,
*May* 1831.

COX
*vs.*
WHITE.

Eastern District,
    *May* 1831.

    COX
    *vs.*
    WHITE.

White, the present defendant, sued out an attachment against the property of Joshua Cox, and summoned Carleton & Lockett, practising attorneys in this city, as garnishees, to declare on oath what effects they had in their possession of the defendant in the attachment. They acknowledged that there were in their hands sundry notes on various persons in the state, placed with them for collection by the defendant; and also that they had obtained for him a judgment in the District Court of the United States against persons named ed Wilkinson & Hunter. The sheriff made a return as having ing seized these rights and credits in the hands of the garnishees. The attachment suit was proceeded in up to judgment, defended by these gentlemen as attorneys for the absent debtor. No objection was made during the trial to the regularity or validity of the levy made under the attachment, as above stated. Previous to its execution, the same rights and credits had been transferred to the present plaintiff; but no notice of this transfer was made to the debtors of Joshua Cox until the year 1829; nor had the attaching creditor any knowledge of it previous to the commencement of his suit.

Objections are made in the present case to the regularity and legality of the proceedings in the attachment, which, if it were by appeal, or in any other legal shape now before this court, would perhaps be entitled to great weight.

The judgment therein rendered must be considered as *res judicata* between the parties, and as having settled all disputes between them in relation to the property attached, however irregular the proceeding may have been. All defects in the commencement and prosecution of that suit, must be viewed as cured by the final judgment, in relation to all parties who had no complete and vested rights in the property attached, at the time of rendering it. The only question in the present case, as it appears to us, relates to the ownership of the plaintiff in the rights and credits of Joseph Cox, at the period when they were attached by the defendant. If a property in them, full and complete according to

*margin notes:*

An attachment will lie against the incorporeal rights and credits of a debtor in the hands of garnishees, although it be sued out after transfer of such rights and credits to a third person, when no notice of such transfer has been previously given to the debtor.

The irregularities of a proceeding by attachment which has progressed to final judgment, cannot be enquired into by a subsequent suit by a new plaintiff to recover the property attached- The judgment in attachment forms *res judicata* between the parties, and cures all irregularites when not appealed from.

our laws, had vested in him prior to the attachment, then they are not liable to be seized in execution and sold to satisfy the judgment obtained by White against Joseph Cox.

It has been long a settled doctrine of our jurisprudence that tradition, and not the naked consent of parties transfers the dominion of property. It is true that, in relation to the transfer of rights and credits, which are incorporeal, no actual delivery can take place. But our law, as an equivalent for real tradition, requires certain formalities to be performed, in order that the transfer may affect third persons: such as a delivery of the title or evidence of the debt, and giving notice to the debtor, &c. (*See La. Code, art.* 2612 & 2613.) In this case it does not appear that any of these formalities were fulfilled by the plaintiff until long after the judgment was obtained by the defendant on his attachment. The former has not succeeded to shew that he was legal proprietor of the effects attached, previous to the judgment which subjected them to the claim of the latter under his judgment obtained against Joseph Cox, the original owner.

A question was raised, and slightly commented on during the argument of this cause, as to those who should be considered third persons according to the articles of the Code above cited. The counsel seemed to think that these expressions should be limited to subsequent transferees alone. It seems, however, to be in accordance with the spirit of our laws to hold the property of debtors always liable to their creditors until a full and complete transfer and tradition of it is made to *bona fide* purchasers; and in conformity to this spirit, the decisions of our courts have uniformly been, whenever the truth could be discovered. On this subject we have a very strong expression in our Code, which considers the property of a debtor as holden in pledge for his creditors.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.

A 3

> The tradition and not the naked consent of parties is necessary to transfer the dominion of property. But as an actual delivery of rights and credits or of incorporeal objects cannot be made, the transfer, to effect third persons, must be made by delivering of the title or evidence of the debt and notice to the debtor.

> It is a principle of the laws of this state, that the property of debtors is always held liable to their creditors until a full and complete transfer and tradition is made to the purchaser.