Ilsuey, J.
On the 2d March, 1867, Thompson J. Bird, sheriff of the parish of East Baton Rouge, executed a judgment in favor of the Heirs of A. Bird v. D. T. Ross.
The distributive share in the judgment of one of these heirs, Thompson W. Bird, was twenty-one hundred dollars, which he had previously, on the 21st April, 1866, transferred and assigned to Jackson E. Libby.'
Libby died in 1866, and Thompson W. Bird qualified as his testamentary executor, and in that capacity he claimed, and could have received the distributive share from the sheriff, when on the day of the sale Wm. H. Graham, the tutor of Saloame, the minor child of Jackson E. Libby, filed in court a third opposition, and obtained an order to stay the proceeds claimed by the executor of Libby. The minor, having subsequently attained the age of majority, became a party to the suit, and adopted her tutor’s opposition.
On the 13th July, 1867, judgment was rendered in her favor, with a' reservation of the rights of William White, Administrator, who, being a judgment-creditor of Thompson W. Bird, had, on the 25th March, 1867, seized the fund in the hands of the sheriff, by propounding interrogatoto him.
On the 18th June, 1867, Saloame Libby intervened in the suit of Wm. White, Administrator, v. T. W. Bird, setting up her claim to this fund, upon the ■ grounds set forth in her thiid opposition, which was consolidated with this suit.
On the 24th ^une, White, administrator, answered the said intervention, and one which had been filed by T. W. Bird, executor, denying there had ever been any valid transfer from Bird to Libby of the judgment against Ross, for the reason that the judgment-debtor had not been notified of the transfer, and claiming a privilege by virtue of his seizure.
On the 12th July, 1857, White filed an amended answer, alleging that the transfer from Bird to Libby was simulated, and in fraud of Bird’s creditors, and was never consummated.
Erom a judgment rendered by the District Court in favor of White, administrator, Saloame Libby alone prosecuted a suspensive appeal to this court, but did not make Thompson J. Bird, the sheriff, a party to the appeal, and on this ground, White, administrator^ has moved to dismiss the appeal.
Throughout the proceedings in the District Court, the sheriff seems to have been considered a mere nominal party. No citation against him was prayed for by either of the parties; no judgment by default was entered against him,- and he made no appearance, except to answer in open court interrogatories propounded to him by William White, adm’r.
As a general rule garnishees must be made parties to appeals, but when, as in a case like this, a sheriff, a mere depositary of a fund, received by him in his ministerial or official capacity, cannot be affected by any decision which the Court might render; he is not a necessary party to an appeal. 1 A. 205. 2 A. 323. 5 A. 668. 11 A. 486.
The motion to dismiss the appeal is therefore overruled. “
The contest in this case is for the distributive share of Thompson W. Bird, in the proceeds of the sheriff’s sale, made in the suit of A. Bird v. D. T. Ross, and the parties claiming this fund are the heir and represen *284 tatives of Jackson E. Libby, and William White, administrator — the former claiming it in virtue of a contract of dation en paiement, made to Libby by Thompson W. Bird, and the latter, under a seizure upon a fieri facias, made of it as the property of Thompson W. Bird, his judgment-debtor.
The result of this controversy depends entirely upon the solution of the question, whether when White’s seizure was made, the title to the fund seized by him was fully vested in Libby’s succession; if it was not, supposing the dation en paiement to be real and not simulated, it was because the cession to Libby of the judgment against Ross was never notified to him. This, Libby’s counsel deemed unnecessary, as by the sale of the property of Ross, to satisfy the judgment against him, his interest in the matter had ceased, and that a notice on the sheriff, who held the fund, was a sufficient compliance with the law in that particular.
In contracts of dation en paiement, which it is conceded the transfer from Jackson W.Bird to Libby was, delivery of the thing ceded, is essential to complete it. Art. 2620, C. O. 12 L. 376. And in the sale or transfer of rights, debts or claims upon a third person, “ the transferree is only possessed, as it regards third persons after notice has been given to the debtor of the transfer having taken place. ” C. C. 2612, 2613, 1916, 1917. 14 A. 689. 7 A, 620. 5 A. 651. 8 N. S. 211. 12 R. 8. 2 La. 425.
The counsel of White has suggested different hypothetical examples, as to the effect the want of notice might have produced on Ross, but we need not consider them — the only question here being, was the title acquired by Libby complete or inchoate, when the property of Ross was sold to satisfy it? If it was, the mere fact of the judgment being represented by the proceeds of the sheriff’s sale, would not render the Libby title any stronger, as against White, than it was before.
The object of notification of a transfer of a debt to the debtor seems to have an object, besides and beyond that of preventing an improper payment. On this point, Marcadé says, vol. 6, p. 324:
On comprend facilemen't' pourquoi la loi a exige la signification ou l’acceptation pour la transmission des créances á l’égard des tiers. II íallait, comme le dit trés-bien M. Troplong, “ que le cessionnaire prit possession effective de la créance, en élevant une barriere entre l’ancien créancier et le débiteur; qu’il prouvht le défaut d’intérét ultérieur et le dessaisissement sérieux du cédant____Si cette prise effective de possession n’est pas un moyen de faire cesser absolument les surprises, elle les rend beaucoup plus difficiles, puisqu’elle oblige l’acheteur a jouer un roleactif qui répugne presque toujours a un simple préte-nom. ”
Be this as it may, no notification of the transfer from Jackson W. Bird to Libby was ever given to Ross, and we deem applicable to this case the doctrine taught in Marshall v. Morehouse, 14 A. 689, “ that the assignment of a debt without delivery, or notice to the debtor thereof, divests the assignor and his heirs of the ownership, without, however, depriving hi3 creditors of the right to seize them as his property.” This doctrine is consonant with the letter and spirit of the law, which cannot be disregarded, under the facts presented, in the present controversy.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.